UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-mj-8045-WM

UNITED STATES OF AMERICA,

vs.

LEONARDO GONZALEZ-PEREZ,

    Defendant.

_____/



FILED BY _____SW_____ D.C.

Jan 21, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? **No**

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? **No**

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? **No**

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? **No**

Respectfully submitted,

JASON A. REDING QUINONES
UNITED STATES ATTORNEY

By: _____
MARTON GYIRES
ASSISTANT U.S. ATTORNEY
Court ID No.: A5501696
Southern District of Florida
500 South Australian Avenue, 4thFloor
West Palm Beach, FL 33401
Email: Marton.Gyires@usdoj.gov
Phone: 561-820-8711

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 26-mj-8045-WM |
| Leonardo Gonzalez-Perez, | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY ____SW____ D.C.
Jan 21, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 16, 2026** in the county of **Palm Beach** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C 1326(a) | Previously removed alien found in the United States |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

**DAVID M SOLTERO**
Digitally signed by DAVID M SOLTERO
Date: 2026.01.21 13:52:57 -05'00'

*Complainant's signature*

David Soltero, U.S. Border Patrol Agent
*Printed name and title*

Attested to me by the applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1

Date: January 21, 2026

*Judge's signature*

City and state: West Palm Beach, FL    William Matthewman, Chief U.S. Magistrate Judge
*Printed name and title*

## **AFFIDAVIT**

I, David Soltero, being duly sworn, depose and state as follows:

1. I am a Border Patrol Agent (BPA) with the Department of Homeland Security, United States Border Patrol (USBP) assigned to the office of Border Patrol in West Palm Beach, FL, and have been so employed by the Unites States Border Patrol since 2011. I have successfully completed the United States Border Patrol Agent Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico. Among my responsibilities as a Border Patrol Agent, I am trained and empowered to enforce criminal and administrative immigration laws of the United States and investigate crimes against the United States, as more fully described in Titles 8, 18, 19 and 21 of the United States Code.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Leonardo GONZALEZ-PEREZ ("GONZALEZ-PEREZ") committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 1326(a).

3. On or about January 14, 2026, the Juno Police Department received complaints about a lot located at 701 Ocean Drive in Juno Beach, Florida where vehicles were being parked illegally. The lot was being used by construction workers working at a nearby construction site.

4. On or about January 15, 2026, West Palm Beach Border Patrol Agents conducted surveillance at that location and observed several subjects park their vehicles in this lot. West Palm Beach Border Patrol Agents conducted record checks using law enforcement databases on

the vehicles parked in the lot, which revealed that many of the vehicles were registered to subjects with no legal right to be in or remain in the United States.

5. On or about January 16, 2026, Border Patrol Agents encountered several subjects at 701 Ocean Dr, Juno Beach, FL 33408. Agents encountered GONZALEZ-PEREZ and proceeded to identify themselves as U.S. Border Patrol Agents. Agents questioned GONZALEZ-PEREZ as to his citizenship and right to be or remain in the U.S. legally. GONZALEZ-PEREZ willingly and voluntarily admitted that he is a Guatemalan citizen who is present in the United States illegally.

6. I reviewed documents from the immigration alien file belonging to GONZALEZ-PEREZ, AXXX XXX 526. A review of Department of Homeland Security electronic records and the immigration alien file assigned to GONZALEZ-PEREZ, showed that he is a native and citizen of Guatemala. Records show that on or about February 19, 2002, GONZALEZ-PEREZ was ordered removed from the United States. According to records in the alien file, GONZALEZ-PEREZ was removed from the United States to Guatemala on or about June 4, 2009.

7. Agents performed a record check in the Computer Linked Application Informational Management System ("CLAIMS") to determine if GONZALEZ-PEREZ had filed an application for permission to reapply for admission into the United States after deportation or removal. A search in that database system verified that no record was found to exist indicating that GONZALEZ-PEREZ obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

8. Based on the foregoing, I believe that there exists probable cause to believe that, on or about January 16, 2026, Leonardo GONZALEZ-PEREZ, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of

Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
DAVID M SOLTERO
Digitally signed by DAVID M SOLTERO
Date: 2026.01.21 13:54:18 -05'00'

David Soltero
U.S. Border Patrol Agent

Sworn and attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this  21st  day of January 2026.

_____
WILLIAM MATTHEWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  Leonardo Gonzalez-Perez

**Case No**:  26-mj-8045-WM

Count #: 1

Previously removed alien found in the United States
Title 8, United States Code, Section 1326(a)
* **Max. Term of Imprisonment: 2 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 1 year**
* **Max. Fine:  $250,000**

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.